USDC SCAN INDEX SHEET

















JOEH    11/7/03    9:52

3:03-CV-00184   KIMMINS V. LIVITSANOS

*21*

*O.*

FILED

03 NOV -6 AM 8: 52

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDA KIMMINS and ANNETTE GAINES, individually and on behalf of the general public, | ) Civil No. 03-0184 WQH (JMA) |
| | ) |
| Plaintiffs, | ) **ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |
| v. | ) [Doc. No. 13] |
| ANASTASIOS G. LIVITSANOS, individually and dba MELODY LANE APARTMENTS; ROBBIE WEBSTER PROPERTY MANAGEMENT and ROBBIE ALAN WEBSTER, | ) |
| Defendants. | ) |

Defendants Anastasios G. Livitsanos, Melody Lane Apartments, Robbie Webster Property Management and Robbie Alan Webster move to dismiss Plaintiffs' second claim under Rule 12(b)(6) and to strike Plaintiffs' prayer for punitive damages under Rule 12(f). Plaintiffs Ronda Kimmins and Annette Gaines oppose. The Court finds this matter suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

//

//

//

1

03CV0184

### *Background*

Plaintiffs are African-American tenants who reside with their children at Defendant Melody Lane Apartments in El Cajon, California. *Second Amended Complaint* ("*SAC*") ¶¶ 4, 18. Defendant Livitsanos is the owner and operator of the Apartments. *Id.* ¶ 6. On January 28, 2003 Plaintiffs filed this lawsuit against Defendants, alleging claims for (1) negligence, (2) violation of the federal Fair Housing Act, (3) violation of California's Fair Housing and Employment Act, (4) violation of California's Unruh Civil Rights Act, (5) unfair business practices and (6) breach of the implied covenant of quiet enjoyment.

Plaintiffs' claims center around their allegation that Defendants "have engaged in a pattern or practice of discrimination against plaintiffs and other residents of Melody Lane Apartments, on account of race, national origin, and/or familial status in the operation of the Melody Lane Apartments." *Id.* ¶ 9. Plaintiffs allege that Defendants instituted a system of "house rules" at the Apartments. *Id.* ¶ 15.

> Defendants' house rules ... have strictly prohibited all children from playing on the premises, forbidding children from riding scooters, bikes, skates, plastic Big Wheel bikes, football, baseball, running, laughing, sitting on the stairway, bouncing basketballs, and any other child-like activities.

*Id.* ¶ 15. Plaintiffs allege the house rules are discriminatory as applied to African-American families and families with children, because such families are singled out for disparate treatment under the rules. Specifically, they assert that Defendants single out minority families with children for rules violations, regularly call the police on minority children and not on Caucasian children, issue warning notices to unsupervised minority children, threatening minority children that certain of their friends are not permitted to visit, enforcing noise violations against African-American tenants and not Caucasian tenants, requiring African-American tenants to sign stipulations limiting the number of children that may visit when an adult will not be present, and numerous similar discriminatory practices. *Id.* ¶¶ 14-17.

On December 1, 2002 Plaintiffs filed a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendant Livitsanos for racial and familial status discrimination in connection with his operation of the Melody Lane Apartments. *Id.* ¶ 18. On

03CV0184

1  December 14, 2002 Plaintiff Kimmins invited guests to her apartment for a social gathering. *Id.*

2  The guests included some African-American tenants from the Apartments as well as outside

3  guests. *Id.* Shortly thereafter, Defendants sent a letter to Ms. Timmins and to each African-

4  American tenant who had been a guest at the party, indirectly threatening them with eviction for

5  giving a loud party. *Id.* On February 4, 2003 Defendants served Ms. Timmins with a Notice

6  Terminating Tenancy. *Id.* Plaintiffs allege that Defendants sent the letters after the party and

7  served Ms. Timmins's eviction notice in order to retaliate against Ms. Timmins for filing the

8  DFEH complaint. *Id.*

9       On January 28, 2003 Plaintiffs filed this lawsuit. On February 21, 2003 Plaintiffs filed a

10  First Amended Complaint, terminating Antoinette Williams as a plaintiff. On August 7, 2003,

11  pursuant to the parties' stipulation, Plaintiffs filed the SAC. The SAC eliminated Plaintiffs'

12  claim for breach of the implied covenant of quiet enjoyment. Defendants now move to dismiss

13  Plaintiff's Fair Housing Act claim under Rule 12(b)(6) and to strike Plaintiffs' prayer for

14  punitive damages.

15                                  ***Legal Standard***

16       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A

17  complaint may be dismissed only if "it appears beyond doubt that the Plaintiff can plead no set

18  of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,

19  45-46 (1957). When ruling on a Rule 12(b)(6) motion, the court must construe the pleadings in

20  the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.

21  2003) (citing *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). The

22  court must also accept as true all material allegations in the complaint, as well as any reasonable

23  inferences to be drawn therefrom. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). If the

24  complaint is dismissed for failure to state a claim, the court should allow leave to amend the

25  pleadings if it appears at all possible that the plaintiff can cure the defect. *Balistreri v. Pacifica*

26  *Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).

27       Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike language from

28  the pleadings that constitutes an "insufficient defense or any other redundant, immaterial,

1 | impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "This includes striking 'any part of

2 | the prayer for relief when the damages sought are not recoverable as a matter of law.'" *Lazar v.*

3 | *Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000) (quoting *Bureerong v. Uvawas*, 922

4 | F.Supp. 1450, 1459 n.34 (C.D. Cal. 1996)). As with a motion to dismiss under Rule 12(b)(6),

5 | the court must view the pleadings under attack in the light most favorable to the pleading party.

6 | *Lazar*, 195 F.R.D. at 669.

7 | *Discussion*

8 | **A.    Plaintiffs' Fair Housing Act Claim**

9 | Plaintiffs allege that Defendants violated their rights under the Fair Housing Act ("FHA")

10 | by

11 |     A.    Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of race, color, and/or familial

12 |         status, in violation of 42 U.S.C § 3604(b);
    B.    Making, printing, or publishing notices, statements, or

13 |         advertisements, with respect to the rental of dwelling that indicates a preference, limitation, or discrimination based on

14 |         race, color, and/or familial status, or an intention to make any such preference, limitation, or discrimination, in violation of

15 |         42 U.S.C. § 3604(c); [and]
    C.    Threatening, intimidating, or interfering with persons in their

16 |         enjoyment of a dwelling because of race, color, and/or familial status in violation of 42 U.S.C. § 3617.

17 |

18 | *SAC* ¶ 27. Defendants argue that Plaintiffs have not alleged sufficient factual support for their

19 | FHA claims.

20 | Defendants first contend that Plaintiffs have failed to state a viable FHA claim because

21 | they did not allege that race is a motivating factor in Defendants' decision to rent a unit at

22 | Melody Lane. This contention lacks merit. Plaintiffs' FHA claim does not include a claim

23 | under § 3604(a), which prohibits discrimination on the basis of race, sex, religion, national

24 | origin or familial status in determining whether to rent to a tenant. 42 U.S.C. 3604(a). Rather,

25 | Plaintiffs' FHA claim asserts violations of §§ 3604(b), 3604(c) and 3617. It is therefore

26 | unnecessary for Plaintiffs to allege that Defendants consider a potential tenant's race in

27 | determining whether to rent a unit.

28 | Next, Defendants argue that Plaintiffs' allegations lack the specificity required to state a

1  claim under the FHA.  For example, with respect to Plaintiffs' allegations concerning Ms.

2  Kimmins's party and the letters and eviction notice sent afterwards, Defendants contend that

3  Plaintiffs failed to allege that the party disturbed other tenants and that the house rules prohibit

4  hosting parties after 10:00 p.m. which affect other tenants' quiet enjoyment.  With respect to

5  Plaintiffs' claims that the house rules are disparately enforced against minorities, Defendants

6  contend that the SAC failed to identify the dates on which the rules were disparately enforced

7  and the names of the Caucasian tenants who received favorable treatment.  Defendants cite no

8  authority to support their argument that this level of specificity is required to plead an FHA

9  claim that survives a motion to dismiss.  The Court finds it sufficient that Plaintiffs (1) list

10  specific conduct by Defendants that they allege violated the FHA, *SAC* ¶¶ 9-18; (2) describe the

11  injuries they allege resulted from Defendants' conduct, *id.* ¶ 19 and (3) state the specific sections

12  of the FHA which they allege Defendants violated, *id.* ¶ 27.

13      Defendants next argue that Plaintiffs have not stated a viable FHA claim because they

14  contend several of Plaintiffs' allegations are false or misconstrued.  For example, Defendants

15  argue that the house rules do not explicitly forbid laughing or sitting on the stairs, that Plaintiffs

16  are less than ideal tenants, and that notices for rules violations are given without regard to race.

17  Defendants do not point to any evidence that supports these arguments, nor can they.  A Rule

18  12(b)(6) motion to dismiss is not the appropriate forum for presenting evidence in an attempt to

19  disprove Plaintiffs' claims.  Moreover, in ruling on a 12(b)(6) motion, the Court is required to

20  accept all well-pleaded factual allegations as true.  *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d

21  336, 337 (9th Cir. 1996).

22      Finally, Defendants request that the Court take judicial notice of Ms. Kimmins's DFEH

23  complaint and the ruling thereon.  In ruling on a motion to dismiss, if a court considers evidence

24  extrinsic to the complaint, it must convert the motion into a summary judgment motion under

25  Rule 56.  *See* Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998).

26  However, the court may consider matters properly the subject of judicial notice without

27  converting the motion into a motion for summary judgment.  *See U.S. v. Ritchie*, 342 F.3d 903,

28  908 (9th Cir. 2003).  "Courts may take judicial notice of adjudicative facts that are 'not subject

5

1   to reasonable dispute.'" *Id.* (quoting Fed. R. Evid. 201(b)). Under Rule 201, this includes

2   matters of public record, such as records and reports of administrative bodies. *Id.* at 909.

3   Accordingly, the Court may properly take judicial notice of the DFEH report.

4     Ms. Kimmins filed a complaint with the DFEH on December 1, 2002. On August 25,

5   2003 the DFEH "recommended that the case be closed on the basis of: No probable cause to

6   prove a violation of the statute." *Defs.' Req. for Judicial Notice* Ex. A. Defendants argue that

7   the DFEH report therefore establishes that Plaintiffs cannot state facts sufficient to state a valid

8   FHA claim. Plaintiffs counter that the DFEH closed Ms. Kimmins's file because Plaintiffs'

9   counsel informed the DFEH that it did not need to conduct an investigation, as Ms. Kimmins

10  intended to pursue the matter in court. Plaintiffs contend that the finding of no probable cause is

11  a mistake on the DFEH's part. The Court finds that this issue would be more properly resolved

12  on a motion for summary judgment. A finding of no probable cause by the DFEH is insufficient

13  by itself to render an FHA claim invalid for the purposes of a motion to dismiss. Further, the

14  Court is reluctant to adjudicate this issue prior to discovery, as it appears that the meaning and

15  effect of the DFEH report is in dispute. In sum, the Court concludes that Plaintiffs have stated a

16  viable claim for violations of the FHA. Defendants' motion to dismiss is **DENIED**.

17    *B. Plaintiffs' Prayer for Punitive Damages*

18    Defendants move to strike the SAC's punitive damages prayer on the grounds that it is

19  unsupported by Plaintiffs' factual allegations. Under California law, a plaintiff may recover

20  punitive damages where the defendant has been found guilty of oppression, fraud or malice.

21  Cal. Civ. Code § 3294. California law also imposes a heightened pleading standard on prayers

22  for punitive damages. *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000)

23  (Whelan, J.) (citing *Smith v. Superior Court*, 10 Cal.App.4th 1033, 1041-42 (1992)). Defendants

24  argue that the SAC does not provide the factual specificity required by California law.

25    The Court disagrees. In *Clark*, the court held that federal law governs pleading standards

26  for punitive damages in federal court, thereby allowing plaintiffs to "aver generally" their

27  allegations of oppression, fraud and malice. *Id.* at 1018-19. "Although Section 3294 provides

28  the governing substantive law for punitive damages, California's heightened pleading standard

1  irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure." *Id.* at 1018.

2  Rule 8, which delineates the general pleading rules, requires the pleadings to set forth "a short

3  and plain statement of the claim showing that the pleader is entitled to relief, and ... a demand for

4  judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  Rule 9 provides that "[m]alice,

5  intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R.

6  Civ. P. 9(b).  Rules 8 and 9 "therefore preclude district courts from applying a heightened

7  pleading standard for allegations of malice or fraudulent intent." *Clark*, 106 F.Supp.2d at 1019.

8  Thus, a plaintiff complies with the Federal Rules where the pleadings clearly request punitive

9  damages and make conclusory assertions of intentional and malicious conduct. *Id.* at 1020.

10 Here, Plaintiffs allege that "[i]n doing the acts of which plaintiffs complain, defendants and their

11 agents and employees ... were acting with malice, oppression, and/or fraud and thereby

12 intentionally or recklessly violated plaintiffs' civil rights.  Accordingly, all plaintiffs are entitled

13 to punitive damages." *SAC* ¶¶ 28, 34, 37.  The Court concludes that Plaintiffs' punitive damages

14 prayer comports with the pleading standards set forth in the Federal Rules of Civil Procedure

15 and *Clark*.  Accordingly, the Court **DENIES** Defendants' motion to strike.

16                                  *Conclusion and Order*

17      For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss Plaintiffs'

18 second claim and motion to strike Plaintiffs' prayer for punitive damages.

19      **IT IS SO ORDERED.**

20

21 Dated: __11/5/03__

22

                                        WILLIAM Q. HAYES
23                                      United States District Judge

24

25 cc:  Magistrate Judge Adler
       All Counsel of Record
26

27

28